UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMISON T. MCCLURG, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-589-HAB-ALT |
| SAMUEL K. CONRAD, et al., | |
| Defendants. | |

**OPINION AND ORDER**

The matter before the Court is the Emergency Motion for Temporary Injunctive Relief filed by *pro se* Plaintiff Jamison T. McClurg. (ECF No. 7.) Plaintiff filed an amended complaint and amended motion to proceed *in forma pauperis* on November 10, 2025, alleging a variety of claims against law enforcement, prosecutors, and judicial officers. (ECF Nos. 3,4). Plaintiff also has an ongoing criminal case in state court: *State of Indiana v. Jamison T. McClurg*, Adams Superior Court, Indiana, Cause No. 01D01-2506-F6-000051. In reviewing the Amended Complaint, Magistrate Judge Andrew L. Teel found that its allegations arise from Plaintiff's state-court criminal proceedings. 11/21/25 Order at 1 (ECF No. 5). Magistrate Judge Teel found that prosecution of this case, therefore, would necessarily interfere in the ongoing state proceedings, so stayed the case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Id.*

Plaintiff's Emergency Motion concerns an order issued by the Adams Superior Court on November 25, 2025. In the order, the Adams Superior Court states that correspondence it has received from Plaintiff "constitutes contempt for the Court's pending warrant" and directs the state-court Clerk to "disregard this correspondence and take no further action while the warrant is pending." 11/25/25 Order, *State of Indiana v. Jamison T. McClurg*, Adams Superior Court,

Indiana, Cause No. 01D01-2506-F6-000051 (ECF No. 7-2). Plaintiff characterizes this order as "retaliatory state-court obstruction" that "creates a total procedural blackout and criminalizes access to the courts." Mot. at 1. By way of relief, he requests that this Court (1) enjoin enforcement of any state order blocking Plaintiff's filings, (2) enjoin the Adams County Clerk from refusing filings based solely on warrant posture, (3) require constitutionally sufficient notice by reliable means, and (4) grant any further relief deemed just. *Id.* at 2.

As Magistrate Judge Teel explained in his order staying the case, Plaintiff in this case "essentially asks the Court to intervene in his state prosecution by labelling various steps along the way as violations of Plaintiff's civil rights," a "textbook example of when *Younger* abstention is appropriate." 11/21/25 Order at 2 (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995)). The Emergency Motion at issue here is simply another request for this Court to intervene in the state-court proceedings. It is true that a district court should not abstain pursuant to *Younger* in situations in which (1) "the pending state proceeding was motivated by a desire to harass or is conducted in bad faith," or (2) "the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure the plaintiff." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596-97 (7th Cir. 2007) (punctuation modified, internal citations omitted). Plaintiff has failed to demonstrate to the Court that these factors are met and that abstention is not required here, where prosecution of this case would necessarily interfere with the ongoing criminal case against him.

For the above-stated reasons, this case remains stayed pending the outcome of Plaintiff's state prosecution. The Emergency Motion for Temporary Injunctive Relief (ECF No. 7) is DENIED.

**SO ORDERED** this 15th day of December 2025.

                                            s/Holly A. Brady
                                            CHIEF JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT