UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMISON T. McCLURG | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Cause No. 1:25-cv-00589-ALT |
| | ) |
| SAMUEL K. CONRAD, *Judge, et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

*Pro se* Plaintiff filed an amended motion to proceed *in forma pauperis* (ECF 4) in this suit on November 10, 2025, alleging a variety of claims against law enforcement, prosecutors, and judicial officers.[1] On November 21, 2025, the Court found that prosecution of this case would necessarily interfere in ongoing state proceedings, so abstention was appropriate under *Younger v. Harris*, 401 U.S. 37 (1971), issuing an order staying this case. (ECF 5).

On December 19, 2025, Plaintiff filed two motions: a motion to lift the stay (ECF 9) and a motion to use electronic filing (ECF 10). In the motion to lift the stay, Plaintiff argues that all three exceptions to *Younger* abstention apply and the Court should lift the stay and proceed. (ECF 9). However, the exceptions to *Younger* "provide a very narrow gate for federal intervention in pending state criminal proceedings." *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). I will address each exception.[2] In the motion to use electronic filing, he makes a number of arguments saying the local rules allow his use and physical mail is unreliable. (ECF 10). For the following reasons both motions are denied.

---

[1] The amended motion moots Plaintiff's motion to proceed *in forma pauperis* filed on November 4, 2025. (ECF 2).
[2] *See* Beth Shankle Anderson, *"Our Federalism" the Younger Abstention Doctrine and Its Companions*, Fla. B.J., November 2007, at 10-12 (discussing three potential exceptions to *Younger* abstention).

I. No exception to *Younger* abstention applies and the case remains stayed.

First, the bad faith and harassment exception does not apply. Courts have generally found that this exception may apply where "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Arkebauer*, 985 F.2d at 1358 (citation omitted); *see also Kugler v. Helfant,* 421 U.S. 117, 126 n.6 (1975). Plaintiff argues bad faith exists because of an alleged issue with the "return" of a license plate connected to Plaintiff, alleged altered evidence, and the execution of state courts orders while a writ was pending. (ECF 9 at 13). However, none of these alleged facts by Plaintiff point to an invalid or unreasonable prosecution. Plaintiff currently has an ongoing criminal case in *State of Indiana v. Jamison T McClurg*, Adams Superior Court, Indiana, Cause No. 01D01-2506-F6-000051. A review of the records in that case[3] shows that Plaintiff has been charged with resisting law enforcement with a vehicle. Plaintiff does not allege any facts which may suggest the prosecution was commenced in bad faith. Instead, Plaintiff takes issue with various aspects of the proceeding itself, which this Court may not interfere with under *Younger* abstention. Thus, this first exception to *Younger* abstention does not apply.

The second exception is the patently unconstitutional or extraordinary circumstances exception. In *Younger,* Justice Black explains

> There may, of course, be extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment… It is of course conceivable that a statute might be flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.

401 U.S. at 53-54 (internal citations and quotations omitted). Thus, Justice Black sees a potential exception to *Younger* abstention where a state law obviously violates the constitution in every

---

[3] Adams Superior Court case information is publicly available at https://mycase.in.gov.

conceivable way it could be applied. *See id*. Plaintiff does not argue the state law underpinning his state prosecution is unconstitutional. Instead, he advances arguments of evidentiary issues and the like, referring to those issues as extraordinary. (ECF 9 at 13-14). Issues of that sort do not relate to this second exception, and this second exception to *Younger* abstention does not apply.

The third exception is a lack of adequate state forum. This exception was established by *Gibson v. Berryhill*, where the Court found that a biased state court could not be trusted to constitutionally proceed and thus the federal court may proceed. *See* 411 U.S. 564, 564, 578 (1973). In that case, the state board of optometrists could not possibly fairly adjudicate a suit because every member had a financial stake in its outcome. *See id*. at 570-71. However, Plaintiff does not argue the state court is incapable of prosecuting his case. Instead, he makes the same arguments as before, referring to evidentiary issues and state orders. (ECF 9 at 14). Although it is clear Plaintiff is unhappy with the way the state case is being handled, he has not demonstrated any bias which would prevent the state court from proceeding. Thus, the third exception to *Younger* abstention does not apply.

II.     Allowing a *pro se* plaintiff to use electronic filing is against district policy.

Plaintiff's request to file electronically is against District policy because he is *pro se*. *Mapes v. CVS Health, Inc.*, No. 2:25-CV-00337-GSL-JEM, 2025 WL 2550378, at *1 (N.D. Ind. Aug. 13, 2025); *Wilson v. Park Ctr., Inc.*, No. 2:09-CV-184, 2010 WL 5818293 (N.D. Ind. Oct. 8, 2010), *report and recommendation adopted*, No. 2:09-CV-184, 2011 WL 614091 (N.D. Ind. Feb. 11, 2011). The Federal Rules of Civil Procedure permit "[a] person not represented by an attorney" to "file electronically only if allowed by court order or by local rule." *Mapes*, 2025 WL 2550378, at *1; *Turner v. Zurich Ins. Grp.*, No. 1:22-CV-01495, 2022 WL 20514785 (S.D. Ind.

Aug. 2, 2022) (referencing Fed. R. Civ. P. 5(d)(3)(B)(i)). The Northern District of Indiana does not have a local rule allowing such.[4] Additionally, Plaintiff has not demonstrated any exceptional circumstances that would permit this Court from deviating from this District policy.

III.    Conclusion

Because no exception to *Younger* abstention applies, Plaintiff's motion to lift the stay (ECF 9) is DENIED. This case remains STAYED pending the outcome of Plaintiff's state prosecution, including any appeal or collateral review proceedings. Plaintiff is ORDERED to advise the Court of the outcome of the state prosecution within 30 days of its completion.

Because Plaintiff's request to file electronically is against district policy, Plaintiff's motion to file electronically (ECF 10) is DENIED.

SO ORDERED.

Entered this 29th day of December 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

---

[4] Plaintiff contends Local Rule 5-3 allows *pro se* litigants to use electronic filing with court approval, but this is not true. Local Rule 5-3 handles filing under seal or *ex parte*, not *pro se*.